# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TONY FISHER aka KELLIE REHANNA, | ) | CASE NO. 4:19-cv-1169 |
|  | ) |  |
|  | ) |  |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
|  | ) |  |
|  | ) | MEMORANDUM OPINION AND |
| vs. | ) | ORDER |
|  | ) |  |
| FEDERAL BUREAU OF PRISONS, *et al*, | ) |  |
|  | ) |  |
|  | ) |  |
| DEFENDANTS. | ) |  |

Before the Court is *pro se* plaintiff, Tony Fisher's ("plaintiff"), motion for appointment of counsel. (*See* Doc. No. 3, Motion ["Mot."].) Plaintiff puts forth three reasons for her request, (1) she is "unable to afford counsel[,]" (2) her incarceration will limit her ability to litigate this case, and (3) "counsel would better enable plaintiff to present evidence and cross examine witnesses." (Mot. at 298–99[1].) For the following reasons, plaintiff's motion is DENIED.

As an initial matter, the Court "does not have the authority to appoint a private attorney for [p]laintiff[s] in … civil matter[s]" *Cole v. Buckner*, No. 2:19-cv-13299, 2020 WL 833088, at *1 (E.D. Mich. Feb. 20, 2020)—including in prisoner civil rights cases. *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). But district courts may "request an attorney to represent any person unable to afford counsel.[2]" 28 U.S.C. §

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) was granted on October 28, 2019. (Doc. No. 7.)

1915(e)(1). However, the appointment of *pro bono* counsel in a civil proceeding is justified only in exceptional circumstances. *Bennett*, 110 F. App'x at 635.

In determining whether a case presents exceptional circumstances, a court should consider, (1) the type of case, (2) the potential merits of the case, (3) the complexity of the factual and legal issues involved, and (4) the abilities of the plaintiff to represent himself. *Cole*, 2020 WL 833088, at *2 (citing authority).

At the outset, the Court notes that plaintiff has demonstrated an ability to investigate crucial facts and adequately present her case to the Court. For instance, plaintiff's complaint—which is 54 pages in length and exceeds 400 pages with exhibits—sets forth numerous causes of action that conform with the Federal Rules of Civil Procedure and Local Rules. In addition, this case does not present exceedingly complex issues. Plaintiff's reasons for requesting counsel—that she is indigent, incarcerated, and could benefit from counsel—are largely applicable in every prisoner civil rights case. Finally, in deciding whether to request *pro bono* counsel, courts "generally wait[] … until the dispositive motion deadline has passed and/or any of [p]laintiff's claims survive [a motion to dismiss.]" *Id.* This case is still in its infancy and defendants only recently filed a motion to dismiss.

Because there do not appear to be any exceptional circumstances to justify a request for appointment of counsel at this time, plaintiff's motion for the appointment of counsel is DENIED.

In addition, on February 20, 2020 plaintiff sent a notice to the Court claiming that "[p]laintiff has not received service of process since the filing of the [c]omplaint … [and] requests that the Court "notify [defendants] to provide service of process to [p]laintiff." (Doc. No. 25.) This request is odd because the defendants certified that they served plaintiff with a copy of their motion

to dismiss via U.S. mail on January 24, 2020. (*See* Doc. No. 21 at 664.) Defendants confirmed this service in their February 27, 2020 filing, stating that the defendants "mailed copies of [defendants'] Notice of Appearance, Motion for Extension of Time, Motion to Dismiss, and Objection to Request for Default Judgment." (*See* Doc. No. 26.) Copies of the mailings' cover letters were appended to the filing. (*See id.*) Still, defendants will undertake to "mail another copy of these pleadings" to plaintiff. (*Id.*)

Further, the Court has mailed copies of all orders filed thus far to plaintiff—including a copy of the order granting defendants' motion for an extension of time to answer the complaint. (*See e.g.* docket entry dated December 18, 2019.) Nevertheless, out of an abundance of caution, the Clerk of Courts is instructed to include a copy of defendants' motion to dismiss and memorandum in support (Doc. Nos. 21, 21-1) with its mailing of the present motion to plaintiff. Plaintiff shall have additional time, until March 27, 2020, to file a response to defendants' motion to dismiss. No further extension will be granted.

**IT IS SO ORDERED**.

Dated: February 28, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

3