# Exhibit H

```
 1            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF OHIO
 2                     EASTERN DIVISION

 3                          - - -

 4   Tony Fisher, aka         )
     Kellie Rehanna,          )
 5                            )
              Plaintiff,      )
 6                            )
          vs.                 )  Case No. 4:19CV1169
 7                            )  Sara Lioi, J.
     Federal Bureau of        )
 8   Prisons, et al.,         )
                              )
 9            Defendants.     )

10                          - - -

11        Deposition of Elizabeth Stahl, M.D., a witness

12   herein, called on behalf of the plaintiff for oral

13   examination, pursuant to the Federal Rules of Civil

14   Procedure, taken before Karen A. Toth, Notary Public

15   in and for the State of Ohio, via Zoom, on

16   Wednesday, July 21, 2021, commencing at 9:01 a.m.

17                          - - -

18

19

20

21

22

23

24

25
```

1                and approval over the past ten years;" is that
2                the question?
3      Q         Yes. Thank you.
4      A         So from what I understand we have been trying
5                to follow the WPATH criteria. And while the
6                WPATH specifically references the expectation
7                that gender-affirming therapy is provided at
8                all institutions, there have been patients who
9                just have not been able to meet all of the
10               WPATH criteria.
11                       So from what I understand we have not
12               had -- and using your terminology -- a patient
13               who has been ripe for the gender-affirming
14               therapy. I am not aware of any case who has
15               been submitted to the medical director's
16               office for review of a gender-affirming
17               procedure to this date.
18     Q         And that determination would be by the medical
19               director based upon the evaluation done by the
20               TEC?
21     A         So the medical director would have final
22               clinical authority over the decision to pursue
23               gender-affirming surgery by policy because
24               it's considered an extraordinary type of
25               surgery. So very similar to a solid organ

1   that have been challenging for most patients
2   to be considered meeting all the requirements
3   of WPATH.  One, if there are co-existing
4   medical or mental health conditions they need
5   to be reasonably controlled before a surgeon
6   will pursue gender-affirming surgery; 12
7   continuous months of hormone levels that are
8   at goal, to meet the patient's goals.  So when
9   it's a trans they usually would need to be at
10  12 continuous months of at goal hormone
11  levels.  That can sometimes be a problem for
12  some patients who are often noncompliant with
13  treatment, forget to pick up their meds,
14  sometimes they hoard their meds and stop
15  taking them without telling anyone.  So that's
16  a challenge.
17          Being able to provide a
18  gender-affirming experience in a opposite
19  institution -- so for a trans female to be
20  able to be located, transferred to a female
21  institution for 12 continuous months without
22  running into trouble, security issues with
23  other prisons I know has been a challenge at
24  times.
25          Those are probably the main factors I

|    |   |                                                        |
|----|---|--------------------------------------------------------|
| 1  |   | would suspect that have contributed to not             |
| 2  |   | being able to meet all of the WPATH criteria.          |
| 3  |   | And lastly maybe my -- another thought                 |
| 4  |   | is that surgeons require letters of support            |
| 5  |   | for these procedures; one from a mental health         |
| 6  |   | worker and one from a medical provider.  And           |
| 7  |   | so if there are noncompliance issues between           |
| 8  |   | the patient or if there is distrust issues             |
| 9  |   | between the treatment modality, if you will,           |
| 10 |   | that also will lead to further pause.                  |
| 11 |   | And again I will bring up the medical                  |
| 12 |   | transplant of solid organs.  While everyone            |
| 13 |   | agrees that at the end of your liver's lifetime        |
| 14 |   | that you would only live if you get a liver,           |
| 15 |   | that certainly is something that we recognize          |
| 16 |   | as necessary, but it doesn't mean that                 |
| 17 |   | everyone is actually going to get that liver.          |
| 18 |   | So while we recognize the medical                      |
| 19 |   | necessity we certainly recognize that it does          |
| 20 |   | not entitle someone for that procedure.                |
| 21 |   | So I know that was a long winded                       |
| 22 |   | answer.                                                |
| 23 | Q | No, it was very informative and I appreciate           |
| 24 |   | it because you answered a lot of the questions         |
| 25 |   | that I have.                                           |

```
 1   State of Ohio,          )
                             ) SS:   CERTIFICATE
 2   County of Cuyahoga,     )

 3           I, Karen A. Toth, Notary Public in and for the
 4   State of Ohio, duly commissioned and qualified, do
 5   hereby certify that the within named witness,
 6   Elizabeth Stahl, was by me first duly sworn to
 7   testify the truth, the whole truth, and nothing but
 8   the truth in the cause aforesaid; that the testimony
 9   then given by her was by me reduced to
10   stenotypy/computer in the presence of said witness,
11   afterward transcribed, and that the foregoing is a
12   true and correct transcript of the testimony so
13   given by her as aforesaid.
14           I do further certify that this deposition was
15   taken at the time and place in the foregoing caption
16   specified and was completed without adjournment
17           I do further certify that I am not a relative,
18   counsel, or attorney of either party, or otherwise
19   interested in the event of this action.
20           IN WITNESS WHEREOF, I have hereunto set my
21   hand and affixed my seal of office at Cleveland,
22   Ohio on this 5th day of August, 2021.
23
                    _____
24                  Karen A. Toth, Notary Public in
                    and for the State of Ohio.
25                  My Commission expires May 6, 2023.
```

FINCUN-MANCINI -- THE COURT REPORTERS
(216)696-2272