# Exhibit M

Admin Rem.
954868
Re: Follow-up SRS request w/ further detail.

# REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION FORM
### FCI ELKTON, OHIO

Bureau of Prisons Program Statement 1330.18, "Administrative Remedy Procedures for Inmates," states the "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

INMATE'S NAME: Tony Fisher  NO. 70313-061  UNIT FB

1. Specific Complaint: My Being denied SRS (sexual reassignment surgeries) by the FBOP through stating these are elective procedures, is denying me Constitutional medically necessary treatment for my BOP diagnosed gender dysphoria.

2. Relief Requested: Full compliance with the WPATH SOC and U.S. Constitution in providing me with complete medically necessary SRS procedures to include: breast augmentation, electrolysis, and genital surgery (vaginoplasty).

3. Date/Time Complaint received from inmate: 8/7/18 1:00 p.m.

4. Date/Time Informally discussed with inmate: 9/5/18 2:53 p.m.

5. Staff Response: Requests for SRS are not approved at the local level. These requests are reviewed by the Transgender Care Committee. As you know, your request was reviewed by this Committee. Recommendation made was to monitor at Mental Health Care level 2 & continue/maximize hormone levels.

6. Date Administrative Remedy provided: 9-11-18

7. Informal Resolution was / (was not) accomplished.

_Tony Fisher_ 70313-061
Inmate's Signature/Register No.

9/5/18
DATE

L. Hunter, NP-C
FCI/FSL Elkton
STAFF MEMBER'S NAME & TITLE

9/5/18
DATE

_M.h._
UNIT MANAGER'S SIGNATURE

9/6/18
DATE

The Unit Manager, by signing above, certifies that good faith efforts were attempted to resolve this inmate's complaint.

DISTRIBUTION: If complaint is not informally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

| | | | |
|---|---|---|---|
| U.S. DEPARTMENT OF JUSTICE | | REQUEST FOR ADMINISTRATIVE REMEDY | |
| Federal Bureau of Prisons | | | |

*Gave to Counselor Smithbank 9/12/18 at 4:15 hrs*

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Fisher, Tony R. | 70313-061 | FB | FCI-ELKTON |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A – INMATE REQUEST** Being that an informal resolution was not accomplished, I am submitting this Request for Administrative Remedy. I hereby incorporate my statements on the BP-8 herein as if fully rewritten. On 9/5/18 AHSA Hunter, HS-C answered my BP-8, however, without addressing the issue I raised. My being denied Sex Reassignment Surgery (SRS) by the FBOP by stating that SRS is an "elective procedure" is denying me Constitutional medically necessary treatment for my serious medical needs, gender dysphoria. The WPATH SOC (which has been adopted by the BOP as its chosen model for care of transgender inmates in its custody) states on pages 54-55 "Sex Reassignment Surgery is Effective and Medically Necessary", and "Genital and breast/chest surgical treatments for gender dysphoria are not merely another set of elective procedures". Being that my health and psychology records prove I have met the criteria for surgical treatment; and I have achieved maximum effect of hormone therapy as outlined in the WPATH SOC and the Endocrine Society, the only next available step is SRS because I do meet the qualifications and hormone therapy is now considered dangerous being that even with raised medication doses my estrogen levels have continued to dramatically increase to critical levels (my August 20, 2018 Labcorp assessment indicated Estrogen at 511.3 pg/ml, the recommended target range is at close to 200pg/ml without going over). Additionally on pages 67-68 of the WPATH SOC, under section: XIV Applicability of the Standards of Care to People Living in Institutional Environments, the WPATH states "The SOC in their entirety apply to all transsexual, transgender, and gender nonconforming people, irrespective of their housing situation. ... Healthcare for transsexual, transgender, and gender nonconforming people, living in an institutional environment should mirror that which would be available to them if they were in a non-institutional setting within the same community". Due to all of the above, and me reaching all goals of hormone therapy, the only option for my health safety is Sex Reassignment Surgery to continue.

| 9-12-18 | | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B – RESPONSE**

**SEE ATTACHED**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: 954868-F1

**Part C – RECEIPT**

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| 9/13/18 | | |
|---|---|---|
| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)

(CONTINUED FROM FORM BP-229(13) DATED 9-12-18)

...east augmentation, electrolysis, and genital surgery (vaginoplasty) as these are not "elective procedures" they are (as proven) medically necessary. I request full compliance with the Endocrine Society, WPATH SOC, and the BOP's own *Medical Management of Transgender Inmates, Clinical Guidance* (December 2016) and to be provided with effective and medically necessary sex reassignment surgeries: breast augmentation, electrolysis, and genital surgery (vaginoplasty).

_____ Reg. # 70313-061
...y Fisher
12-2018

...tachments included: 4 copies of this continuation page, Original BLUE Request For Administrative Remedy form, copy ...the Bp-8 / Informal Resolution Form dated Administrative Remedy provided of 9-11-18.

::/file
:f

Copy #2 of 4

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

FISHER, Tony R.
Reg. No.: 70313-061
Remedy I.D.: 954868-F1
Qtr: Unit F/B

This is in response to your Request for Administrative Remedy receipted September 27, 2018, in which you request sex reassignment surgery, to include breast augmentation, electrolysis, and vaginoplasty.

A review of your medical record reveals you were diagnosed with Gender Dysphoria by Psychology Services at FCI Elkton on July 7, 2015. Hormone Therapy was initiated, at your request, on October 2, 2015.

In your request, you quote the World Professional Association for Transgender Health (WPATH), "Sex Reassignment Surgery (SRS) is effective and medically necessary." Per Program Statement 6031.04, Patient Care, Medically Necessary is defined as "medical conditions that are of an immediate, acute or emergent nature, which without care would cause rapid deterioration of the inmate's health, significant irreversible loss of function, or may be life-threatening." SRS is not in this category. SRS, breast augmentation, and electrolysis fall under the Medically Acceptable-Not Always Necessary Category. Medical conditions in this category are those that may improve or enhance quality of life but are not necessary to sustain life or function.

Additionally, the Federal Bureau of Prisons (BOP) Clinical Guidance Publication for the Medical Management of Transgender Inmates states "gender-affirming surgery may be appropriate for some and is considered on a case-by-case basis." Requests for surgery are sent to the BOP Transgender Clinical Care Team (TCCT) for consideration. As you are aware, your request for surgery was sent to the TCCT on February 13, 2018. TCCT recommended continuation of your hormone therapy to maintain/maximize hormone levels along with other conservative measures.

Based on these findings, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Northeast Region, U.S. Custom House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

_____        10/10/18
D. S. Kulick, Acting Warden        Date

Hand delivered to Fisher
on 10-15-18

**U.S. Department of Justice** | **Regional Administrative Remedy Appeal**
**Federal Bureau of Prisons** | Mailed via Certified Mail article Number: 7016 0750 0001 0637 1521

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: FISHER, TONY R.    70313-061    FB    FCI-ELKTON
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I hereby incorporate my BP-8 & BP-9 statements herein as if fully rewritten. In my specific [case], SRS is required to alleviate the medically emergent condition that comes from my critically high hormone levels. [My] serum Estradiol levels are such that my risk levels for stroke, DVT, and other serious medical conditions, are [sub]stantially beyond the risk levels described in the Informed Consent. My medical records will prove that my Serum Estradiol [leve]ls have continually been dangerously raising from April of this year, my latest LabCorp assessment shows that my Serum [Estr]adiol levels are 715.1 (WELL over the target range of "as close to 200 pg/ml without exceeding") and Testosterone, [whic]h is 76 ng/dL as of October 3, 2018. The Wardens comment "gender-affirming surgery may be appropriate for some and [c]onsidered on a case-by-case basis" does apply to me. In my case, SRS is not only appropriate, but is medically necessary [in]dicated by my psychological and medical records, and the fact that my hormone levels and therapy have now become [dang]erous to my health. The WPATH Standards of Care, as adopted my the BOP as its chosen model for the care of transgender [inma]tes in its custody section XI - Surgery states: "Surgery - particularly genital surgery - is often the last and most [cons]idered step in the treatment process for gender dysphoria. While many transsexual, transgender, and gender nonconforming [indi]viduals find comfort with their gender identity, role, and expression without surgery, for many others <u>surgery is</u> [esse]<u>ntial and medically necessary</u> to alleviate their gender dysphoria (Haje & Karim, 2000). For the latter group, relief [of] gender dysphoria cannot be achieved without modification of their primary and/or secondary sex characteristics to [esta]blish greater congruence with their gender identity. Moreover, surgery can help patients feel more at ease in the [prese]nce of sex partners or in <u>venues such as physician offices, swimming pools, or health clubs. In some settings, surgery</u> [migh]<u>t reduce risk of harm in the event of arrest or search by police or other authorities</u>. Follow-up studies have shown...

23 October 2018    (CONT'D ON ATTACHED PAGE)    _[signature]_
DATE                                                             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE                                         REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE            CASE NUMBER: 954868R1

**Part C - RECEIPT**                       CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____            _____
DATE                                     SIGNATURE RECIPIENT OF REGIONAL APPEAL

(t'd from form BP-230(13) dated 23 October 2018 Re: Remedy ID: 954868)

undeniable beneficial effect of sex reassignment surgery on postoperative outcomes such as subjective well being, cosmesis, sexual function (DeCuypre et al., 2005; Gijs & Brewaeys, 2007; Klein and Gorzalka, 2009; Pfafflin & Jurye, 1998). Additional information on the outcomes of surgical treatments are summarized in Appendix D."

My particular case, my blood hormone levels show that I am a female and this has been testified to by AHSA Ms. Hunter on 10/9/18. SRS is the only option that will allow a female inmate to be housed at a female institution. I am at substantial risk of harm by the male inmates in a male institution. If "case-by-case" is the Standards of Care for FCI-Elkton, and the BOP, plus case-by-case is the WPATH SOC, how in the world am I, Tony Fisher (aka. Kellie) being denied SRS and a transfer to a female institution?

I hereby request full compliance with the Endocrine Society, WPATH SOC, and the BOP's own Medical Management of Transgender Inmate, Clinical Guidance (December 2016) and to be provided with effective and medically necessary sex reassignment surgeries (breast augmentation, electrolysis, and genital surgery (vaginoplasty).

Attachments: BP-8 Informal Resolution Form dated 9-11-18, Original BLUE copy Request For Administrative Remedy form with continuation page, Actin Warden D.S. Kulick's response dated 10/10/17 (notated that I received by my housing counselor 10-15-18), original YELLOW 4-part Regional Administrative Remedy Appeal, and 4 copies of this continuation page).

_[signature]_  23 October 2018
Fisher   Reg. # 70313-061

Copy #1 of 4

FISHER, Tony
Reg. No. 70313-061
Appeal No. 954868-R1
Page One

---

### Part B - Response

You appeal the response of the Warden at FCI Elkton regarding medical issues related to gender dysphoria. Specifically, you claim hormone treatment increases your risk of stroke, blood clots and other serious medical conditions. You request sex reassignment surgery.

A review of your appeal reveals your complaint was previously addressed in Appeal No. 70313-061. According to your Bureau Electronic Medical Record (BEMR), your medical history was reviewed by the Nurse Practitioner (NP) on October 9, 2018. Your laboratory test was reviewed and revealed continued elevated Estradiol levels. The NP discussed your case with the Clinical Director who recommended stopping your Estradiol for at least two weeks and restarting the patch once your levels decreased. Laboratory testing was ordered, and you were last evaluated on October 25, 2018. Your Estradiol levels were normal and your medication was restarted. Repeat laboratory tests were ordered, and you were advised to follow-up with your Mid-Level Provider and the Clinical Director. According to Clinical Practice Guideline, <u>Medical Management of Transgender Inmates</u>, you do not meet the criteria for surgery at this time. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: November 29, 2018

J. RAY ORMOND
Regional Director

U.S. Department of Justice      Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Mailed by Certified USPS Mail Article Number: 7017 3380 0000 3463 1815

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Fisher, Tony R.    70313-061    FB    FCI-Elkton
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL I hereby incorporate my BP-8, BP-9, & BP-10 statements herein as if fully rewritten. I am appealing Regional Director J. Ray Ormonds response (#954868-R1) which have all been denials. For simplicity reasons this grievance is about my requests for Sex Reassignment Surgery (SRS) being denied to me by the FBOP even though under the World Professional Association for Transgender Health - Standards of Care (WPATH SOC) my medical and psychology records indicate and prove that SRS is essential medical care and medically necessary for me. There is a contradiction between the WPATH SOC (which is the chosen model of healthcare for transgender inmates adopted by the BOP) and PS 6031.04 concerning what is considered medically necessary for SRS. It appears this contradiction is being supported by the FBOP at all levels to solely justify denying medically necessary SRS (blanket policy), for which causes me great stress, and mental distress and duress - I'm sure I'm not the only transsexual inmate in the BOP that is being denied this "essential medical care", this is very sad. These symptoms of suffering are serious with extreme psychological magnifications and a very serious sadistic attitude of all of the Bureau staff. Let me explain, first that PS 6031.04 is describing "medically necessary" treatment in a physical condition, while WPATH SOC describes "medically necessary" for SRS to include psychological conditions. The Psychology and Medical services, as well as the federal courts, understand that my gender dysphoria constitutes a serious medical need, and prescribed/started my hormone therapy per WPATH, pge 33, "Feminizing... hormone therapy - the administration of exogenous endocrine agents to induce feminizing... changes - is a medically necessary intervention for many... transgender... individuals with gender dysphoria". So, (a) hormone therapy is considered by the FBOP to be medically necessary for me, (b) this has now distinguished PS 6031.04 from my situation. Second, WPATH on page 54 explains that SRS is a "most considered step in the treatment process for......

14 December 2018    *CONT'D ON ATTACHED PAGE*
DATE      SIGNATURE OF REQUESTER

Part B—RESPONSE

JAN 28 2019

DATE      GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE    CASE NUMBER: 954868-A1

Part C—RECEIPT
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)

(Cont'd from form BP-231(13))

gender dysphoria" and that "surgery is essential and medically necessary to alleviate their gender dysphoria" and it goes on to say, page 58, "after participating in hormone therapy and one year of continuous living in a gender role that is congruent with one's gender identity". I HAVE met ALL of WPATH's, the Endocrine Society's, AND the BOP's criteria, as my medical record dated 2/13/2018 <u>Clinical Encounter - Administrative Note</u>, written by Provider: Hunter, Lori NP-C (and AHSA at Elkton) will PROVE!!! My GD raises to great stress and the FBOP who agree's that I have GD (being that BOP psychology and medical professionals diagnosed me with gender dysphoria (GD)) started treatment, has put my stress on hold. What really magnifies my stress and duress is that BOP requires me to live in an all-male institution despite being clasified as a female, this is immoral and sadistic in a prison environment. It is unsafe and causes me anxiety and mood swings that have now caused a poor working environment between staff and myself. I hereby request full compliance with WPATH, the Endocrine Society, and the BOP's very own <u>Medical Management of Transgender Inmates, Clinical Guidance (December 2016)</u> and to be provided with effective and medically necessary sex reassignment surgeries to include breast augmentation, electrolysis, and genital surgery (vaginoplasty). Additionally, I need answers to the following questions in the response to the appeal:

*1. Specifically, why am I being told "accodring to Clinical Practive Guideline, <u>Medical Management of Transgender Inmates</u>," [I] do not meet the criteria for surgery at this time."?

*2. Specifically, why am I being denied Sex Reassignment Surgery (SRS)?

*3. Why am I being required to live in an all-male housing unit / facility as a classified female?

(*Attachments: BP-8 Informal Resolution Form dated 9-11-18, Original BLUE copy of <u>Request For Administrative Remedy</u> form with its continuation page, Acting Warden D.S. Kulick's response dated 10-10-18 (notated that I received by my housing counselor on 10-15-18), original YELLOW copy Regional administrative Remedy Appeal and its continuation page, original PINK 4-part Central Office Administrative Remedy Appeal forms, and 4 copies of this continuation page). (Also included Reg. Director J. Ray Ormonds response (#954868-R1 dated 11-29-18, though noted I received on 12-10-18)

_[signature]_ 14 December 2018
Tony R. Fisher Reg # 70313-061

Copy 1 of 4

Administrative Remedy No. 954868-A1

Part B - Response

This is in response to your Administrative Remedy Appeal wherein you request a response to your inquiries regarding gender-affirming surgery and your current housing assignment in a male unit/facility.

Gender-affirming surgery is considered after real life experience in your preferred gender. Therefore, you were reviewed for transfer to a female facility. Based on BOP Program Statement 5200.04, Transgender Offender Manual, several factors were considered to determine whether your current placement is appropriate, including your health and safety; your behavioral history, overall demeanor, and likely interactions with other inmates; whether placement would threaten the management and security of the institution and/or pose a risk to other inmates in the institution; and whether there has been significant progress towards transition as demonstrated by your medical and mental health history. After consideration and review, it was determined that your current designated facility is appropriate.

Furthermore, as indicated by your most recent laboratory results, your hormone levels have not been maximized or stabilized. Therefore, your medications were adjusted and hormone levels will continue to be monitored by Health Services staff at the institution.

Considering the foregoing, this response is provided for informational purposes only.

4/4/19
Date

Ian Connors, Administrator
National Inmate Appeals