# Exhibit N

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TONY FISHER, aka KELLIE REHANNA, | ) CASE NO.: 4:19CV1169 )  ) JUDGE SARA LIOI |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendants Federal Bureau of Prisons ("BOP") and Federal Correctional Institution Elkton (collectively "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's Requests for Interrogatories and Production of Documents to Defendants:

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS**

1. Defendants object to the instruction concerning supplementation to the extent it is inconsistent with the requirements of Federal Rule of Civil Procedure 26(e). Any supplementation of discovery by Defendants will be done consistent with Rule 26(e).

2. Defendants object to the instruction that the production of documents "must be labeled with the number of the Request to which it responds" as inconsistent with the requirements of Federal Rule of Civil Procedure 34. Consistent with Rule 34(E)(i), Defendants will produce non-privileged, responsive documents as they are kept in the normal course of business.

3. Defendants object to Plaintiff's instructions concerning the need to describe documents that are no longer in their possession, custody or control as going beyond the requirements of Federal Rule of Civil Procedure 34. Defendants will not follow this instruction.

4. Defendants object to Plaintiff's instruction that "[a]ny information that is responsive to any of the document requests and that is contained in any computer input, data base [sic], or memory, including machine readable discs, tapes, or cards, should be produced in the form of computer printouts or other output." The parties previously have agreed that all productions will be in .pdf format.

5. Defendants object to Plaintiff's instruction that "[w]henever a computer printout or other output is produced, a glossary of all computer symbols or codes appearing on said printout or other output should also be produced" as going beyond the requirements of Federal Rule of Civil Procedure 34. Defendants will not follow this instruction.

6. Defendants object to the definition of the term "identify (with respect to documents)" on the ground that, as written, it encompasses two distinct topics—(1) information concerning documents in Defendants' possession, custody, or control and (2) information concerning documents no longer in Defendants' possession, custody, or control—that are properly the subjects of separate interrogatories. Defendants will interpret the below interrogatory requests as inquiring concerning documents within their possession, custody, or control.

**DEFENDANTS' OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. Identify all material facts that support Defendants' contention that Plaintiff was denied a transfer to a female institution.

**RESPONSE**: Defendants do not contend that Plaintiff was denied a transfer to a female facility. Defendants, through the Transgender Executive Council (TEC), have made recommendations concerning further treatment, including Sex Offender Treatment, as directed by Plaintiff's sentencing court, before Defendants will consider a request for transfer to a female facility.

2. Identify all reasons why Plaintiff was denied a transfer to a female institution.

**RESPONSE**: Defendants object to Plaintiff's interrogatory number 2 as being duplicative of interrogatory number 1. Defendants accordingly refer Plaintiff to their response to interrogatory number 1.

3. Identify all documents that support Defendants' contention that Plaintiff was denied a transfer to a female institution.

**RESPONSE**: As stated above in response to Interrogatory number 1, Defendants do not contend that Plaintiff was denied a transfer to a female facility. Defendants, through the Transgender Executive Council (TEC), have made recommendations concerning further treatment, including Sex Offender Treatment as directed by Plaintiff's sentencing court, before Defendants will consider a request for transfer to a female facility.

4. Identify how many inmate sex reassignment surgery ("SRS") evaluations have been completed by the Defendants in the last 10 years

**RESPONSE**: There have been no requests for gender-affirming surgery that have been ripe for consideration and approval over the past 10 years.

5. Identify how many inmate SRS evaluations have been approved by the Defendants in the last 10 years.

**RESPONSE**: There have been no requests for gender-affirming surgery that have been ripe for consideration and approval over the past 10 years.

6. Identify how many SRS procedures Defendants have completed in the last 10 years.

**RESPONSE**: Defendants have not completed any gender-affirming surgeries in the last 10 years because there have been no requests for gender-affirming surgery that have been ripe for consideration and approval over this timeframe.

3

7.      Identify every person, other than counsel, who participated or assisted in responding to these Interrogatories, including his/her name, job title, and dates of employment with the Defendants.

**RESPONSE**: The following individuals, other than counsel, participated or assisted in responding to these interrogatories: Jenna Epplin (National Policy and Program Coordinator, Women and Special Populations Branch, August 2000 to the present); Andrea Burnside (Executive Assistant, FCI Elkton, September 2005 to present); Dr. Paul Clifford (Psychologist, FCI Elkton, 1999 to the present); and Sarah Dees (Health Services Administrator, FCI Elkton, January 2013 to the present).

8.      Identify any and all expert witnesses you may rely upon to provide any opinions and/or testimony in this case.

**RESPONSE**: Defendants object to this request as premature. Pursuant to the Court's Case Management Plan and Trial Order, Dkt. No. 41, the deadline for parties with the burden of proof to identify experts is April 30, 2021, and the deadline to identify rebuttal experts is June 1, 2021. Because Plaintiff bears the burden of proof, Defendants will identify any expert witnesses it may use by June 1, 2021.

9.      Identify all steps Defendants have taken to respond to Plaintiff's request(s) that she be pat searched by a female staff rather than a male staff.

**RESPONSE**: As of May 17, 2021, Plaintiff's request for same sex pat down searches has been approved. FCI Elkton staff will conduct such pat down searches as appropriate and consistent with policy (Program Statement 5200.04, Transgender Offender Manual, and Program Statement 5521.06, Searches of Housing Units, Inmates, and Inmate Work Areas).

4

10. Identify all documents that address or refer to any and all steps Defendants have taken to respond to Plaintiff's request(s) that she be pat searched by a female staff rather than a male staff.

**RESPONSE**: After conducting a reasonably diligent search, Defendants have identified no responsive, non-privileged documents that address or refer to the steps Defendants have taken to respond to Plaintiff's request concerning same-sex pat down searches.

11. Identify the last known address, telephone number, and email for Lori Hunter, NP-C.

**RESPONSE**: The last known address Defendants have for Lori Hunter is 173, N. Jamestown Rd., Coraopolis, PA 15108, (412) 418-8392. Defendants do not have an email address for Ms. Hunter.

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All emails and/or documents sent by Lori Hunter, NP-C, to various Elkton departments in February 2018 requesting pertinent records regarding Plaintiff that were ultimately sent to the BOP TCCT and Chief Medical Office for consideration of the request for SRS to be provided to Plaintiff.

**RESPONSE:** Defendants will produce non-privileged responsive documents in their possession, custody or control.

2. All documents used by Defendants in its individualized assessment for the request of SRS for Plaintiff.

**RESPONSE:** Defendants will produce non-privileged responsive documents in their possession, custody or control.

3. All documents used by Defendants in determining whether Plaintiff should or should not be subject to pat searches by male staff.

**RESPONSE:** Defendants will produce non-privileged responsive documents in their possession, custody or control.

4. All documents identified or referred to by Defendants in responding to Plaintiff's First Request for Admissions.

**RESPONSE:** Defendants will produce non-privileged responsive documents in their possession, custody or control.

5. All documents identified or referred to by Defendants in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE:** Defendants will produce non-privileged responsive documents in their possession, custody or control.

6. Any and all documents, including transcripts, minutes and summaries, related to any and all meeting and/or hearings relevant to Plaintiff's Complaint.

**RESPONSE:** Defendants object to this request as overbroad in that most of Plaintiff's claims in her complaint have been dismissed by the Court. *See* Dkt. No. 31. And, even as to the two remaining claims in this case concerning gender-affirming surgery and same-sex pat downs, this request for production lacks reasonable particularity. Absent more specificity, Defendants cannot respond to this request. Defendants are willing to meet and confer concerning a more reasonable, definable group of documents.

7. Any and all documents which support your defense(s) in this case.

**RESPONSE:** Defendants object to this request as overbroad, lacking in reasonable particularity and premature to the extent it is seeking the early identification of Defendants' Rule 26(a)(3)(A)(iii) disclosures. Defendants already have identified and produced the documents concerning their Rule 26(a)(1) initial disclosures, and Defendants will supplement those disclosures pursuant to Rule 26(e) as appropriate.

8. Any and all documents and things which you intend to introduce into evidence in this case, or attach to any dispositive motion.

**RESPONSE:** Defendants object to this request as overbroad and premature to the extent it is seeking the early identification of the documents Defendants intend to rely upon in a future summary judgment motion or in connection with Defendants' Rule 26(a)(3)(A)(iii) disclosures. Defendants further object that this request calls for mental impression work product, which is not subject to disclosure pursuant to Rule 26(b)(3)(A). Pursuant to the Court's Case Management Plan and Trial Order, Dkt. No. 41, the deadline for filing dispositive motions is September 1, 2021. Defendants will identify whatever documents they will use in connection with their summary judgment motion at that time. Accordingly, Defendants will not produce any documents in response to this request.

As to the interrogatories, see Attachments for verification.

As to the objections, see below for signatories:

May 26, 2021

> BRIAN M. BOYNTON
> Acting Assistant Attorney General
>
> ALEXANDER K. HAAS
> Director, Federal Programs Branch
>
> */s/ Joshua E. Gardner*
> JOSHUA E. GARDNER
> Special Counsel, Federal Programs Branch
>
> GARY D. FELDON
> U.S. Department of Justice
> 1100 L Street, N.W., Rm. 11104
> Phone: 202-598-0905
> Washington, D.C. 20530
>
> *Attorneys for Defendants*

7

# ATTACHMENT A

I declare under penalty of perjury that the foregoing responses to interrogatories 1-7 are true and correct to the best of my knowledge as it relates to the Federal Bureau of Prisons.

JENNA EPPLIN
Digitally signed by JENNA EPPLIN
Date: 2021.05.26 13:47:18 -04'00'

Jenna Epplin
National Policy and Program Coordinator,
Women and Special Populations Branch

# ATTACHMENT B

I declare under penalty of perjury that the foregoing responses to interrogatories 7-11 are true and correct to the best of my knowledge as it relates to FCI Elkton.

*Andrea Burnside*
**Andrea Burnside**
Executive Assistant, FCI Elkton

*CERTIFICATE OF SERVICE*

I hereby certify that the foregoing Defendants' Responses to Plaintiff's Requests for Interrogatories and Production of Documents was served on counsel for Plaintiff via email on May 26, 2021.

/s/ *Joshua E. Gardner*
Attorney for Defendants