# Exhibit P

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TONY FISHER, aka KELLIE REHANNA, | ) CASE NO.: 4:19CV1169 |
| Plaintiff, | ) JUDGE SARA LIOI |
| vs. | ) |
| FEDERAL BUREAU OF PRISONS, *et al*, | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Federal Bureau of Prisons ("BOP") and Federal Correctional Institution Elkton (collectively "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's Second Request for Admissions.

1. Admit that since the creation of the Transgender Executive Council ("TEC") in 2016, the TEC maintains records reflecting those who have made requests to the TEC for gender-affirming surgery.

**RESPONSE:** Admit.

2. Admit that since 2016, approximately 50 inmates have requested gender-affirming surgery.

**RESPONSE:** Admit in part, denied in part. Admit that since 2016, approximately 50 inmates have requested gender-affirming surgery through the Transgender Executive Council. Defendants otherwise deny this request for admission.

3. Admit that from 2017 to 2020, the total number of transgender inmates has ranged from a low of approximately 497 inmates to a high of 1,062 inmates.

**RESPONSE:** Admit that from 2017 to 2020, the total number of transgender inmates reflected in BOP's SENTRY system has ranged from a low of approximately 497 inmates to a high of 1,062 inmates.

4.      Admit that consistent with Section 12 of the Federal Bureau of Prisons' Transgender Offender Manual ("FBP's TOM"), Plaintiff will be pat searched by female staff members unless the warden of Plaintiff's correctional institution finds that Plaintiff has violated institution rules concerning contraband or if exigent circumstances exist.

**RESPONSE:** Admit.

5.      Admit that the BOP does not have any method of determining the number of pat down searches conducted over the last 10 years.

**RESPONSE:** Admit.

6.      Admit that the BOP does not have any method of determining the number of pat down searches with respect to Plaintiff.

**RESPONSE:** Admit in part, deny in part. Defendants admit that they lack any method of determining the total number of pat down searches plaintiff has been subjected to while in BOP custody. Denied to the extent that Plaintiff's counsel has identified certain individuals whom she contends has conducted pat down searches of Plaintiff.

7.      Admit that the following link is an authentic copy of the FBP's TOM: https://www.bop.gov/policy/progstat/5200-04-cn-1.pdf

**RESPONSE:** Admit.

8.      The FBP's TOM (from the above link) is admissible in evidence.

**RESPONSE**: Defendants lack information sufficient to admit or deny this request for admission, as admissibility depends on a host of factors, including relevance, which cannot be known until a documents is introduced into evidence at trial for a particular use.

June 30, 2021

                                      BRIAN M. BOYNTON
                                      Acting Assistant Attorney General

                                      ALEXANDER K. HAAS
                                      Director, Federal Programs Branch

                                      */s/ Joshua E. Gardner*
                                      JOSHUA E. GARDNER
                                      Special Counsel, Federal Programs Branch

                                      GARY D. FELDON
                                      U.S. Department of Justice

1100 L Street, N.W., Rm. 11104
Phone: 202-598-0905
Washington, D.C. 20530

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Responses to Plaintiff's Second Requests for Admissions to Defendant was served on counsel for Plaintiff via email on June 30, 2021.

/s/ Joshua E. Gardner
Attorney for Defendants
